UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JUDGE PALLMEYER**

| | |
|---|---|
| ASMAR DANKHA, ) | **MAGISTRATE JUDGE MASON** |
| ) | PLAINTIFF DEMANDS TRIAL BY JURY |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. |
| ) | **02C 7371** |
| SECURE SECURITY, INC. ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES Plaintiff, ASMAR DANKHA, by and through her attorneys, BAE & BAE, P.C., and for her Complaint against SECURE SECURITY, INC. states as follows:

**DOCKETED**
**OCT 16 2002**

### COUNT I – SEXUAL HARASSMENT

1. Plaintiff, ASMAR DANKHA (hereinafter "Plaintiff" or "Dankha"), is a female individual residing in Cook County, Illinois.

2. Defendant, SECURE SECURITY, INC. (hereinafter "Defendant" or "Secure"), is a corporation incorporated under the laws of the State of Illinois having its principal place of business in Cook County, Illinois. Secure is a private company providing security services to individuals and businesses in and around Chicago area.

3. JOHN M. SCATCHELL (hereinafter "Scatchell"), is a male individual and, on information and belief, residing in Cook County, Illinois. At all times relevant to the complaint herein, on information and belief, defendant Scatchell was the sole shareholder holding all corporate offices of defendant Secure (i.e., president, secretary, etc.). Additionally, at all times relevant to the complaint herein, defendant Scatchell was the "Chief of Security" and the immediate supervisor of Dankha, whom she reported to on a daily basis.

1-1

4. This action is brought for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e). Jurisdiction of this Court is founded upon 28 U.S.C. § 1331.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as, on information and belief, all parties to this action are residents of Cook County, Illinois.

6. On or about May 23, 2001, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") under charge number 210A13374 against Defendant for sexual harassment. (A copy of charge of discrimination is attached hereto and incorporated herein as Exhibit A.)

7. Subsequently, on or about August 23, 2001, Plaintiff filed another complaint with the EEOC under charge number 210A14894 against Defendant for retaliation. (A copy of charge of discrimination is attached hereto and incorporated herein as Exhibit B.)

8. On or about April 26, 2002, the EEOC issued a written determination that the evidence obtained in the investigation establishes reasonable cause to believe that Defendant retaliated against Dankha, in that she was reassigned and constructively discharged after filing a charge of discrimination against Defendant. (A copy of the written determination is attached hereto and incorporated herein as Exhibit C.)

9. The EEOC's efforts to enter into a voluntary conciliation agreement with Defendant were unsuccessful.

10. On or about July 16, 2002, the EEOC sent a right to sue letter to Dankha. (A copy of notice of right to sue letter is attached hereto and incorporated herein as Exhibit D.)

11. Plaintiff began working for Defendant sometime in October of 2000 as a security guard.

12. Beginning sometime in February of 2001 to sometime in May of 2001, Scatchell repeatedly requested Dankha for sexual favors and made unwelcome sexual advances.

13. In response, Dankha refused Scatchell's requests for sexual favors and unwelcome sexual advances and further conveyed to him that his actions were inappropriate and must be stopped.

14. The aforesaid created and subjected Dankha to a sexually hostile work environment.

15. In addition, Dankha was subjected to other unreasonable work conditions as a result of her refusal to submit to Scatchell's requests for sexual favors and sexual advances.

16. By virtue of the foregoing, Defendant has caused Dankha to be subjected to a sexually hostile work environment in violation of Title VII of the Civil Rights Act of 1964, as amended.

17. As a result of the aforesaid violation, Dankha was constructively discharged and, moreover, as a direct and proximate result, has suffered loss of pay incurring past, present and future, humiliation, emotional pain and suffering, inconvenience, mental anguish, degradation, loss of enjoyment of life, and other damages of both pecuniary and non-pecuniary nature.

18. Defendant intentionally discriminated against Dankha in violation of Title VII of the Civil Rights Act of 1964, as amended, and engaged in such conduct that was wanton and malicious warranting the imposition of punitive damages.

WHEREFORE, Plaintiff Asmar Dankha prays this Court to enter a judgment on Count I in her favor and against Defendant Secure Security, Inc. and further award her the following relief:

A. Declare Defendant's conduct to be in violation of Plaintiff's rights;

B. Enjoin Defendant from engaging in such conduct;

C. Pay Plaintiff for any loss of wages and/or benefits she has suffered, including but not limited to, back and front pay;

D. Award Plaintiff compensatory and punitive damages;

E. Award Plaintiff recovery of attorneys' fees, expert witness and other costs associated with this matter;

F. Award Plaintiff reinstatement to a position with Defendant Secure Security, Inc. equal to one she would have held but for Defendant's wrongful conduct or award her an appropriate award of front pay equal to the value of her expected net earnings and value of fringe benefits she would have obtained until her retirement;

G. Award Plaintiff pre- and post-judgment interest; and

H. Grant such other relief as it may deem just and proper.

PLAINTIFF DEMANDS TRIAL BY JURY.

## COUNT II – RETALIATION (TITLE VII)

19. Plaintiff hereby incorporates paragraphs 1 through 18 as paragraph 19 of Count II as though if fully set forth and alleged herein.

20. After Scatchell learned of Plaintiff filing a charge of discrimination (sexual harassment) against him, in retaliation Plaintiff was reassigned to another job assignment, which was less desirable, farther away from Plaintiff's home and subjected to a new work schedule that was impracticable to Plaintiff.

21. As a result of Defendant's retaliatory actions, Plaintiff was constructively discharged and had no alternative but to submit her resignation on or about June 8, 2001.

4

22. Defendant constructively terminated Plaintiff and effectively forced her to resign because she filed a charge of discrimination (sexual harassment) before the EEOC against Defendant, in violation of Title VII of the Civil Rights Act, as amended.

WHEREFORE, Plaintiff Asmar Dankha prays this Court to enter a judgment on Count II in her favor and against Defendant Secure Security, Inc. and further award her the following relief:

A. Declare Defendant's conduct to be in violation of Plaintiff's rights;

B. Enjoin Defendant from engaging in such conduct;

C. Pay Plaintiff for any loss of wages and/or benefits she has suffered, including but not limited to, back and front pay;

D. Award Plaintiff compensatory and punitive damages;

E. Award Plaintiff recovery of attorneys' fees, expert witness and other costs associated with this matter;

F. Award Plaintiff reinstatement to a position with Defendant Secure Security, Inc. equal to one she would have held but for Defendant's wrongful conduct or award her an appropriate award of front pay equal to the value of her expected net earnings and value of fringe benefits she would have obtained until her retirement;

G. Award Plaintiff pre- and post-judgment interest; and

H. Grant such other relief as it may deem just and proper.

PLAINTIFF DEMANDS TRIAL BY JURY.

Respectfully submitted,

ASMAR DANKHA

By: _____
One of Her Attorneys

Jennifer E. Bae
ARDC No. 6239405
Samuel S. Bae
ARDC No. 6257863
BAE & BAE, P.C.
39 South LaSalle Street, Suite 311
Chicago, Illinois 60603
(312) 364-0443

# EXHIBIT A

# CHARGE OF DISCRIMINATION

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA | 3375 |
| ☒ EEOC | |

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

__Illinois Dept. of Human Rights__ and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Ms. Asmar Dankha | (773) 457-8844 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 5526 North Campbell | Chicago, IL 60625 | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Secure Security | Cat A (15-100) | (773) 769-1625 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 5681 North Lincoln Avenue | Chicago, IL 60659 | 031 |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER *(Specify)*

DATE DISCRIMINATION TOOK PLACE
EARLIEST — LATEST 05/22/2001

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s)):*

I have been employed at Respondent as a security guard since October 2000. SInce approximately February 2001 I have been continually subjected to sexual harassment by the owner in that he has repeatedly made unwelcome sexual advances and requests that I have sex with him. At his first sexual advance in February and thereafter I made known to him that his advances were unwelcome. I was retaliated against for refusing his advances in that on or about April 20, 2000 I was compelled to come to work even though I was sick, and on May 22, 2001 I was suspended for 2 days for calling in sick one one day due to my child's illness.

I believe I have been discriminated against because of my sex, female, and retaliated against, in violation of Title VII of the Cicil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Month, day and year) |
| Date    Charging Party (Signature) | |

EEOC FORM 5 (Rev. 07/99)

# EXHIBIT B

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA<br>☒ EEOC | 210A14894 |

Illinois Dept. of Human Rights _____ and EEOC
*State or local Agency, if any*

**NAME** (Indicate Mr., Ms., Mrs.): Ms. Asmar Dankha
**HOME TELEPHONE** (Include Area Code): (773) 457-8844
**STREET ADDRESS**: 5526 North Campbell, **CITY, STATE AND ZIP CODE**: Chicago, IL 60625
**DATE OF BIRTH**:

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

**NAME**: Secure Security
**NUMBER OF EMPLOYEES, MEMBERS**: Cat A (15-100)
**TELEPHONE** (Include Area Code): (773) 769-1625
**STREET ADDRESS**: 5681 North Lincoln Avenue, **CITY, STATE AND ZIP CODE**: Chicago, IL 60659
**COUNTY**: 031

**CAUSE OF DISCRIMINATION BASED ON** (Check appropriate box(es)):
☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER (Specify)

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST: 05/30/2001  LATEST: 06/08/2001
☐ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional space is needed, attach extra sheet(s)):

I filed EEOC Charge No. 210A13374 against Respondent on May 23, 2001. On May 30, 2001, I was notified by Respondent that, after working approximately seven months at my most recent job assignment, I was being reassigned to a location farther from my home with a work schedule that I was unable to work. Subsequently, I had no choice but to submit my resignation on June 8, 2001.

I believe I have been retaliated against by Respondent, in violation of Title VII of the Civil Rights Act of 1964, as amended.

*RECEIVED EEOC AUG 23 2001 CHICAGO DISTRICT OFFICE*

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 8/20/01  Charging Party (Signature): Asmar Dankha

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Month, day and year)

EEOC FORM 5 (Rev. 07/99)

**CHARGING PARTY COPY**

# EXHIBIT C



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Chicago District Office**

500 West Madison St., Suite 2800
Chicago, IL 60661
PH: (312) 353-2713
TDD: (312) 353-2421
ENFORCEMENT FAX: (312) 886-1168
LEGAL FAX: (312) 353-8555

EEOC Charge Number 210A14894

Asmar Dankha
5526 North Campbell                                             Charging Party
Chicago, Illinois 60625

v.

Secure Security
5681 North Lincoln Avenue                                       Respondent
Chicago, Illinois 60659

## DETERMINATION

Under the authority vested in me by the Commission's Procedural Regulations, I issue the following determination on the merits of the subject charge filed under Title VII of the Civil Rights Act of 1964, as amended (Title VII).

Respondent is an employer within the meaning of Title VII and all requirements for coverage have been met.

Charging Party alleges that she was retaliated against in that after she filed a charge of discrimination alleging sexual harassment, she was reassigned and forced to resign, in violation of Title VII.

I have determined that the evidence obtained in the investigation establishes reasonable cause to believe that Respondent retaliated against Charging Party, in that Charging Party was reassigned and constructively discharged after filing a Charge of Discrimination, in violation of Title VII.

This determination is final. When the Commission finds that violations have occurred, it attempts to eliminate unlawful practices by informal methods of conciliation. Therefore, I invite the parties to join with the Commission in reaching a just resolution of this matter. Disclosure of information obtained by the Commission during the conciliation process will be made only in accordance with the Commission's Procedural Regulations (29 CFR Part 1601.26).

If the Respondent wishes to accept this invitation to participate in conciliation efforts, it may do so at this time by proposing terms for a conciliation agreement; that proposal should be provided to the Commission representative within 14 days of the date of this determination. The remedies for violations of the statutes we enforce are designed to make the identified victims whole and to provide corrective and preventive relief. These remedies may include, as appropriate, an agreement by the Respondent to not engage in unlawful employment practices, placement of identified victims

Determination
EEOC Charge No. 210A14894
Page 2 of 2

in positions they would have held but for discriminatory actions, back pay, restoration of lost benefits, injunctive relief, compensatory and/or punitive damages, and notice to employees of the violation and the resolution of the claim.

Should the Respondent have further questions regarding the conciliation process or the conciliation terms it would like to propose, we encourage it to contact the assigned Commission representative. Should there be no response from the Respondent in 14 days, we may conclude that further conciliation efforts would be futile or nonproductive.

On Behalf of the Commission,

April 26, 2002
Date

John P. Rowe
District Director

# EXHIBIT D



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Chicago District Office

500 West Madison St., Suite 2800
Chicago, IL 60661
PH: (312) 353-2713
TDD: (312) 353-2421
ENFORCEMENT FAX: (312) 886-1168
LEGAL FAX: (312) 353-8555

July 16, 2002

Asmar Dankha
5526 N. Campbell
Chicago, Il 60625

      RE: Charging Party: A. Dankha
           Respondent: Secure Security
           EEOC Number: 210A13374 & 210A14894

Dear Ms. Dankha:

The enclosed Notice of Right to Sue was sent to you on 05/28/02. However, the Postal Service returned it to the Commission because it was unclaimed..

We are sending it via regular mail so that you may have another opportunity to receive it.

Sincerely,

John P. Rowe
District Director

Enclosure

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE -- TITLE VII / ADA/ADEA
(Conciliation Failure)

| To: Asmar Dankha | From: Chicago District Office |
|---|---|
| 5526 North Campbell | Equal Employment Opportunity Commission |
| Chicago, IL 60625 | 500 West Madison Street, Suite 2800 |
| | Chicago, Illinois 60661-2511 |
| CERT. MAIL #: 7099 3400 0006 7146 8536 C/P | |
| ☐ On behalf of a person aggrieved whose identity is CONFIDENTIAL (29 C.F.R. 1601.7(a)) | |

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 210A13374 | Regina Husar, Enforcement Supervisor | (312) 353-0819 |

( See the additional information attached to this form )

The Commission has found reasonable cause to believe that your charge of employment discrimination is true but has not entered into a conciliation agreement to which you are a party because attempts to achieve such a voluntary settlement with respondent(s) have been unsuccessful.

The Commission has determined that it will not bring a civil action against the respondent(s) and accordingly is issuing this Notice of Right to Sue. With the issuance of this Notice the Commission terminates its process with respect to your charge, except that the Commission may seek status as intervenor if you decide to sue on your own behalf as described below.

If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in a court of competent jurisdiction. IF YOU DECIDE TO SUE, YOU MUST DO SO WITHIN NINETY (90) DAYS FROM YOUR RECEIPT OF THIS NOTICE OF RIGHT TO SUE; OTHERWISE YOUR RIGHT TO SUE IS LOST.

Your suit may include any allegation contained in your charge of employment discrimination or any matter which was or should have been discovered by the Commission during its investigation of your charge.

On Behalf of the Commission

May 28, 2002      John P. Rowe

John P. Rowe, District Director

Enclosures

    Information sheet

    cc: Respondent(s)     Secure Security

EEOC Form 161-A (Test 10/94)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS**
DANKHA, ASMAR

**DEFENDANTS**
SECURE SECURITY, INC.

JUDGE PALLMEYER

**(b) County of Residence of First Listed Plaintiff** Cook
(EXCEPT IN U.S. PLAINTIFF CASES)

**County of Residence of First Listed** Cook
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

MAGISTRATE JUDGE MASON

**(c) Attorney's (Firm Name, Address, and Telephone Number)**
Bae & Bae, P.C. (312) 364-0443
39 S. LaSalle St. #311, Chicago 60603

**Attorneys (If Known)**

02C 7371

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Inj. / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment / Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | / ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Title VII of the Civil Rights Act of 1964, as amended, USC §2000(e). Plaintiff brings this action for claims of sexual harassment and retaliation in violation of Title VII.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. This case
☒ is not a refiling of a previously dismissed action.
☐ is a refiling of case _____, previously dismissed by Judge _____

**DATE** 10/14/02  10/15/02

**SIGNATURE OF ATTORNEY OF RECORD**

DOCKETED
OCT 16 2002

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

In the Matter of

DANKHA, ASMAR

v.

SECURE SECURITY, INC.

JUDGE PALLMEYER

MAGISTRATE JUDGE MASON

02C 7371
Case Number

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

ASMAR DANKHA

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME SAMUEL S. BAE | NAME JENNIFER E. BAE |
| FIRM BAE & BAE P.C. | FIRM BAE & BAE, P.C. |
| STREET ADDRESS 39 S. LaSalle St. Suite 311 | STREET ADDRESS 39 S. LaSalle St. Suite 311 |
| CITY/STATE/ZIP Chicago, IL 60603 | CITY/STATE/ZIP Chicago, IL 60603 |
| TELEPHONE NUMBER 312/364-0443 FAX NUMBER 312/364-0449 | TELEPHONE NUMBER 312/364-0443 FAX NUMBER 312/364-0449 |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6257863 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6239405 |
| MEMBER OF TRIAL BAR? YES ☐ NO ☒ | MEMBER OF TRIAL BAR? YES ☒ NO ☐ |
| TRIAL ATTORNEY? YES ☒ NO ☐ | TRIAL ATTORNEY? YES ☒ NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

DOCKETED OCT 16 2002

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER FAX NUMBER | TELEPHONE NUMBER FAX NUMBER |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |